**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

CHICAGO TITLE INSURANCE COMPANY,

                              Plaintiff,

    -against-

LUMBERMENS MUTUAL CASUALTY COMPANY,
IN LIQUIDATION, AS SUCCESSOR BY MERGER
TO AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY AND AMERICAN
MOTORISTS INSURANCE COMPANY, PAYTON
LANE NH, PFC CORPORATION, MEYER, SUOZZI,
ENGLISH & KLEIN, P.C., ZISHOLTZ & ZISHOLTZ,
LLP,

                              Defendants.

**REPORT AND RECOMMENDATION**

22-CV-00768 (RPK) (ST)

-----------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Plaintiff Chicago Title Insurance Company ("Plaintiff") brought this action on February 11, 2022, by filing a Complaint in interpleader against Lumbermens Mutual Casualty Company, in liquidation, as successor by merger to American Manufacturers Mutual Insurance Company and American Motorists Insurance Company ("Lumbermens"), Payton Lane NH ("Payton Lane"), PFC Corporation ("PFC"), Meyer, Suozzi, English & Klein, P.C. ("Meyer Suozzi"), Zisholtz & Zisholtz, LLP ("Zisholtz") (collectively, "Defendants") seeking to be discharged from any liability pursuant to the Escrow Agreement (defined below).

       Now before this Court is Plaintiff's Motion for Default Judgment against Defendants Payton Lane, PFC, and Meyer Suozzi (collectively, "Defaulting Defendants") to waive any claims to the Escrowed Funds (defined below). The Motion also seeks entry of an order directing the disbursement of the Escrowed Funds to the appearing Defendants Lumbermens and Zisholtz, and for an order discharging Plaintiff from liability with respect to the Escrowed Funds.

On June 29, 2022, The Honorable Denis R. Hurley referred Plaintiff's Motion to the undersigned to issue a Report and Recommendation.

Based on a review of the well-pleaded allegations and evidence presented in the filings, I respectfully recommend that Plaintiff's Motion for Default Judgment as to Defaulting Defendants be GRANTED. I further recommend that an order directing the disbursement of the Escrowed Funds to the appearing Defendants Lumbermens and Zisholtz be entered, and Plaintiff be discharged from any liability in connection with the Escrow Agreement.

## I. BACKGROUND

On July 16, 2009, as part of a larger transaction wherein Defendant PFC lent Defendant Payton Lane $37,523,000, Defendants PFC and Payton Lane delivered to Plaintiff a signed escrow agreement ("Escrow Agreement"). Compl. ¶ 11. The Escrow Agreement appointed Plaintiff as an escrow agent to hold $100,000 in escrow ("Escrow Funds"), and Plaintiff accepted the funds. *Id*. Plaintiff's involvement was supposed to be short-term, as it was only intended that they hold the Escrowed Funds pending the execution of a subsequent escrow agreement to be agreed to between Defendants Payton Lane and Lumbermens, pursuant to which the Escrowed Funds would be transferred to Defendant Meyer Suozzi, who served as attorneys for Payton Lane at the time. *Id*. ¶ 12. However, that subsequent escrow agreement was never executed, and Plaintiff still holds the Escrow Funds. *Id*. ¶ 13. The Complaint identified and named as Defendants five potential claimants to the funds: (i) PFC and (ii) Payton Lane, who are the original signatories to the Escrow Agreement; (iii) Lumbermens; (iv) & Zisholtz; and (v) Meyer Suozzi. *Id*. ¶¶ 2-7.

Plaintiff filed an application for a certificate of default with the Court on May 17, 2022, and the Clerk of the Court entered a Certificate of Default against the Defaulting Defendants on May 26, 2022.  DE 27, 30.

As this is an interpleader action, no monetary judgment is sought against the Defaulting Defendants.  *See* Pl.'s Mot., Wolkenstein Decl. ¶ 17, DE 33-1.  Rather, Plaintiff only seeks a judgment for Defaulting Defendants to permanently waive any and all claims to the Escrowed Funds.  *Id*.  The Plaintiff also seeks the entry of an order directing the disbursement of the Escrowed Funds in accordance with the Stipulation entered into between Plaintiff and appearing Defendants Lumbermens and Zisholtz.  *See* Stipulation, DE 33-2.  Plaintiff further seeks to be discharged from any liability with respect to the Escrowed Funds after the entry of a judgment in this matter.  *Id*.

## II.   MOTION FOR DEFAULT JUDGMENT

### A.  Legal Standard

The court may grant a plaintiff a default judgment after two steps are taken.  First, the clerk must administratively enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a).  A court considers a default entry against a party to be an admission to all of the well-pleaded allegations in the complaint regarding liability.  *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).  Second, if the defaulting party fails to set aside the entry of default under Rule 55(c), the opposing party may file a motion for default judgment to establish liability and request relief.  *See* Fed. R. Civ. P. 55(b)(2).

In ruling on a motion for default judgment, the court must determine whether the plaintiff's allegations establish "liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court retains discretion under 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action...."). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron Oil Corp.*, 10 F.3d at 95–96. Thus, the court can grant a motion for default judgment only if the plaintiff has satisfied its burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence establish the defendant's liability on each asserted cause of action. "Put differently, liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC, et al. v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010). Ultimately, the decision to grant a motion for default judgment is left to the sound discretion of the court "because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp.*, 10 F.3d at 95.

### B. Discussion

An interpleader complaint requires a two-stage inquiry. "The first stage requires the stakeholder to demonstrate that the requirements for interpleader have been met and that it is entitled to a discharge." *Metro. Life Ins. Co. v. Little*, No. 13 CV 1059 BMC, 2013 WL 4495684, at *1 (E.D.N.Y. Aug. 17, 2013). "The second stage determines the adverse claims between the claimants." *Id.*

4

### 1. Liability

Plaintiff has sufficiently pled the elements of statutory interpleader under 28 U.S.C. § 1335 for the first stage of the inquiry. The statute requires that the plaintiff allege: "(1) that it is in possession of a single fund of value greater than $500; (2) that the action involves two or more adverse claimants of diverse citizenship; (3) that it has deposited or is depositing[1] the fund with the court; and (4) that it has a real and reasonable fear of double liability or vexatious, conflicting claims." *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 103 (E.D.N.Y. 2013) (citing 28 U.S.C. § 1335 (2012)).

Here, Plaintiff has pled that the sum of the Escrow Agreement is $100,000 and has requested disbursement of the funds as set forth in their Stipulation with the Court, fulfilling the first and third requirements. *See, e.g., Perlman v. Fid. Brokerage Servs. LLC,* 932 F. Supp. 2d 397, 415 (E.D.N.Y. 2013) ("[T]he Court finds that Ameriprise has satisfied all of the requirements of the first stage of an interpleader action…. [where, *inter alia*,] Ameriprise has requested permission to deposit the relevant funds with the Court."). The Complaint names five adverse Defendants that have or may have claims to the Escrow Funds. Compl. ¶¶ 2-7. Defendants are of diverse citizenship. *See id.* ¶¶ 8-9. Thus, the second element is satisfied. Finally, for the fourth element, the dispute amongst Defendants about claims to the Escrowed Funds demonstrates that Plaintiff "has a real and reasonable fear of double liability or vexatious, conflicting claims." *Metro. Life Ins. Co.*, 966 F. Supp. 2d at 103; *see also Bank of Am., N.A. v. Morgan Stanley & Co. Inc.*, No. 10 CIV. 6322 RJH, 2011 WL 2581765, at *3 (S.D.N.Y. June 24, 2011) ("[Defendants]'s competing interpretations

---

[1] Some courts in the Second Circuit consider an actual deposit to be a "prerequisite[] to the district court's exercise of jurisdiction in a statutory interpleader case." *Glenclova Inv. Co. v. Trans-Res., Inc.*, 874 F. Supp. 2d 292, 301 (S.D.N.Y. 2012). Others "construe[ it] as a requirement of maintaining interpleader jurisdiction, rather than a prerequisite to bringing suit." *William Penn Life Ins. Co. of N.Y. v. Viscuso*, 569 F. Supp. 2d 355, 360 (S.D.N.Y. 2008). In view of this disagreement, the Court recommends permitting Plaintiff to deposit the Escrow Funds before relief is granted.

of how the Interpleader Stake ought to be distributed therefore exposed [Plaintiff] to the threat of multiple liability, and an interpleader action is appropriate.").

Thus, the requirements for the first stage of interpleader action have been met.

### 2. Remedy

For the second stage of the interpleader inquiry—adjudication of any adverse claims—Plaintiff seeks a judgment for Defaulting Defendants to permanently waive any and all claims to the Escrowed Funds; the entry of an order directing the disbursement of the Escrowed Funds in accordance with the Stipulation entered into between Plaintiff and appearing Defendants Lumbermens and Zisholtz; and seeks to be discharged from any liability with respect to the Escrowed Funds. *See* Pl.'s Mot., Wolkenstein Decl. ¶ 17, DE 33-1.

It is well established that in an interpleader action, the failure of a defendant "to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Metro. Life Ins. Co. v. Little*, No. 13-CV-1059 (BMC), 2013 WL 4495684, at *2 (E.D.N.Y. Aug. 17, 2013) (citations omitted); *see also Great Am. Ins. Co. v. Gold Coast Exp. Inc.*, No. 12-CV-4847 (DRH) (ARL), 2015 WL 1039770, at *3 (E.D.N.Y. Mar. 10, 2015) ("[T]here can be no question that the defaulting defendants have forfeited any claim to the proceeds."). Furthermore, "[i]f all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund." *Metro. Life Ins. Co.*, 2013 WL 4495684, at *2 (alteration omitted) (quoting Nationwide *Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir. 1984).

In this case, there remain two appearing Defendants, Lumbermens and Zisholtz, who are potentially entitled to the Escrowed Funds to the exclusion of the other Defaulting Defendants. Following the Initial Conference in this matter, those Defendants met and resolved their claim to the Escrow Funds and have entered into the Stipulation. *See* Pl.'s Mot., DE 33-2. Accordingly,

6

in addition to moving for a default judgment, Plaintiff, Lumbermens, and Zisholtz request that the Court issue an order directing the disbursement of the funds as set forth in their Stipulation and then close the Action**.**

When the requirements of § 1335 have been met including deposit of the Escrowed Funds with the Court, dismissal of Defaulting Defendants will be proper as they have "forfeited all claims to payment of funds … by failing to appear in this action after the interpleader action was asserted against [them]." *Aegean Bunkering (USA) LLC v. M/T AMAZON (IMO 9476654), Its Engines, Tackle & Apparel*, No. 14-CV-9447 (KBF), 2016 WL 8254780, at *2 (S.D.N.Y. May 23, 2016).

Thus, the below recommendations for granting relief are conditioned on the Court ordering Plaintiff to deposit the Escrow Funds with the Court.

### III. CONCLUSION

For the foregoing reasons conditioned on the Court ordering Plaintiff to deposit the Escrow Funds with the Court, I respectfully recommend that the Court GRANT Plaintiff's Motion for Default Judgment against Defaulting Defendants Payton Lane, PFC, and Meyer Suozzi to waive any claims to the Escrowed Funds. I further recommend the entry of an Order directing the disbursement of the Escrowed Funds in accordance with the Stipulation entered into between Plaintiff and appearing Defendants Lumbermens and Zisholtz, and that Plaintiff be discharged from any liability with respect to the Escrowed Funds after the entry of a judgment in this matter.

### IV. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this report and recommendation

to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Porter v. Potter*, 219 F. App'x 112, 113 (2d Cir. 2007) (quoting *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam)).

**SO ORDERED.**

        /s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       December 23, 2022